In the Matter of the Judicial Settlement of the Account of New York State National Bank, Albany, as Administrator with the Will Annexed of the Goods, Chattels and Credits of Anna T. Pratt, Deceased. Kingston Trust Company, as Administrator with the Will Annexed of the Estate of Elizabeth Graefin Finck von Finckenstein, Deceased, Appellant; New York State National Bank, Albany, as Administrator, Respondent.— Appeal from an order of the Ulster County Surrogate's Court made and entered on October 14, 1935, dismissing objections to the account of the New York State National Bank, Albany, as administrator with the will annexed of Anna T. Pratt, deceased, and from so much of a decree of the same court made and entered on November 13, 1935, as dismissed these objections. The respondent New York State National Bank, Albany, was appointed administrator with the will annexed of the goods, chattels and credits of Anna T. Pratt, deceased, on March 21, 1927. It succeeded George M. Weaver, the executor of the will of the decedent. The testatrix Anna T. Pratt had died on October 8, 1921, leaving a will and codicils which gave the residue of her estate to her daughter Elizabeth T. Pratt James for life. The will also recited that inasmuch as a part of her estate would probably consist of stocks, railroad bonds and other personal securities and evidences of debt, she thereby authorized her executors and her " said daughter as life tenant " to take and hold the said property in kind until paid or to sell the same wholly or in part in their discretion, whenever they should deem such sale advantageous to the estate. The last codicil gave to the daughter Elizabeth T. Pratt James power to appoint by her will one of the lineal descendants of testatrix to take the property which had been given to Elizabeth T. Pratt James for life. Letters testamentary under the will of Anna T. Pratt were first issued to George M. Weaver, one of the executors named therein, who administered the estate until his death on December 22, 1926, without an accounting. Shortly after its appointment as administrator with the will annexed, the respondent bank was served with two orders in supplementary proceedings which forbade all persons from transferring any property in which Madam James was interested and at about the same time there were brought to the notice of the bank four other restraining orders in proceedings supplementary to execution against Madam James as judgment debtor, which restrained the executor Weaver from transferring any property in which Madam James had any legal or equitable interest. These restraining orders remained in effect until July 20, 1931. Madam James died September 25, 1929, and by her will appointed her granddaughter Elizabeth, Countess Finck von Finckenstein, to take the property of which Madam James had the life use under the will of the testatrix. Countess von Finckenstein gave a general power of attorney to Alexander Whiteside, an attorney-at-law of Boston, Mass., who represented her

in negotiations and transactions with the respondent in an endeavor to obtain an accounting by the representative of Weaver's estate for Weaver's acts and doings as executor under the will of Anna T. Pratt. He also directed the disposition of certain stocks and bonds, constituting the residuary estate under the will of Anna T. Pratt and of which Madam James had had the life use and which upon her death by virtue of the power of appointment, given her under the will of Anna T. Pratt and exercised by her in her own last will and testament, went to Countess von Finckenstein. Acting at all times with the knowledge of Whiteside and without objection on his part and much of the time with his specific direction or approval, the bank continued to hold these securities and finally sold some and delivered the others to Countess von Finckenstein through Whiteside in kind. Weaver's legal representative accounted in 1934 and immediately thereafter the bank began this proceeding by filing its account. Countess von Finckenstein appeared and filed objections by which she contended that the respondent had continued to hold non-legal investments too long, had failed to convert them into cash within a reasonable time and that it should be held liable for the avoidable depreciation in value which had occurred in the meantime. The respondent bank set up in defense that it had inherited the discretion conferred on the executor and life tenant under the will of Anna T. Pratt, deceased, to hold the securities and property in kind and to sell whenever it deemed advantageous, that it was prevented from disposing of this property of which Madam James had the life use by the various restraining orders in proceedings supplementary to execution and that it had acted with the approval and at the direction of Whiteside, the attorney in fact of Countess von Finckenstein. After a trial, the surrogate rendered a general decision in favor of the respondent bank and directing a dismissal of the objections. With this decision we are in full accord. We find no negligence on the part of the bank. It had succeeded to the discretion conferred by the testatrix Anna T. Pratt upon her executors and life tenant to hold the securities. (Surr. Ct. Act, § 225.) The accounting bank was bound by the restraining orders in supplementary proceedings. Madam James was a life tenant of these securities and consequently they were property in which she had an interest. Furthermore, Countess von Finckenstein was bound by the acts of her attorney in fact Whiteside. The objections were properly dismissed. Order and decree unanimously affirmed, with costs to the respondent, payable out of the funds due the estate of Countess von Finkenstein. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.